UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY BUTLER,

    Plaintiff,

v.

BASEM ELSAYED, *et al.*,

    Defendants.

Case No. C18-0650 RSM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. #14. Defendants argue that Plaintiff fails to state any claim upon which relief could be granted. *Id.* Plaintiff opposes the motion, arguing that he has clearly shown a set of facts upon which a jury could rule in his favor.[1] Dkt. #15. The Court disagrees with Plaintiff and now GRANTS Defendants' motion to dismiss for the reasons set forth below.

## II. BACKGROUND

Plaintiff filed a Second Amended Complaint on June 26, 2018. Dkt. #9. He alleges that he was sexually harassed by a pharmacist at a local Wal-Mart pharmacy. *Id.* Plaintiff appears to be an African-American male, although he does not explicitly plead that he is African-

---

[1] Plaintiff filed an impermissible Second Response to Defendants' motion six days after the motion noting date. Dkt. #17. The Court's Local Rules do not provide for a second response, even if it had been timely. LCR 7(d). Accordingly, the Court does not consider Plaintiff's Second Response in ruling on this motion.

ORDER
PAGE - 1

American. *See* Dkt. #9 at 2. He claims that pharmacist Basem Elsayed, who is also a male, made unwanted comments to Plaintiff, motivated by the pharmacist's alleged desire to have oral sex with Plaintiff. Such comments included asking Plaintiff to teach him (pharmacist) how to play the bass guitar. *Id.* at 3. Plaintiff further asserts that the pharmacist also: told him he looked like someone famous; asked if he wanted to go on a date to a jazz club; and would make "crude sexual remarks" such as, "aren't you going to say hello to me too?" *Id.* at 4. He also alleges that the pharmacist has followed him in a car and calls him at home. *Id.* at 5.

Plaintiff then alleges that when he reported the harassment to "upper management," they failed to investigate, so he was forced to bring the instant lawsuit to protect his civil rights and his safety. *Id.* at 5. He alleges that the failure to investigate also constitutes retaliation for his complaints. *Id.* at 5-8.

Plaintiff seeks a permanent injunction prohibiting Defendants from sexually harassing him or discriminating against him and directing Defendants to comply with their sexual harassment policies, as well as $300,000 in damages for his pain and suffering.

## III.     DISCUSSION

### A. Legal Standard for Motions to Dismiss Under 12(b)(6)

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This

ORDER
PAGE - 2

requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

### B. Claims for Race Discrimination and Sexual Harassment

In his Second Amended Complaint, Plaintiff alleges that Defendants violated his rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Dkt. #9 at 1. The Court agrees with Defendants that Plaintiff has failed to plead facts sufficient to maintain a claim under those statutes.

Title VII of the Civil Rights Act of 1964 governs discrimination in the employment context, including retaliation against employees based on their complaints of discrimination. *See* 42U.S.C. § 2000e-2 and 3(a). Although "[a] direct employment relationship is not a prerequisite to Title VII liability[,] 'there must be some connection with an employment relationship for Title VII protections to apply[.]'" *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 580 (9th Cir. 2000) (quoting *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980)). In this case, Plaintiff does not allege any employment relationship, but rather that he was a customer of Wal-Mart. In fact, Plaintiff recognizes that he is not an employee, but asserts, without legal basis, that the same laws should be extended to customers. Dkt. #9-1 at 6. The Court is not persuaded. As a result, Plaintiff has not asserted a cognizable claim under Title VII.

Likewise, Plaintiff does not have a cognizable claim against Defendants under 42 U.S.C. § 1981. The Ninth Circuit Court of Appeals has long held that while Section 1981 authorizes a discrimination claim on account of race, Section 1981 does not provide a claim based on sex discrimination or sexual harassment. *Jones v. Bechtel*, 788 F.2d 571, 574 (9th Cir. 1986). Thus,

ORDER
PAGE - 3

Plaintiff cannot maintain a claim for sexual discrimination or harassment under the statute. Given that he has also failed to plead any facts suggesting a claim based on racial discrimination, he has no claim under Section 1981.

Finally, even if Plaintiff had pleaded his sexual harassment claim against Defendants under a cognizable legal theory, he has failed to plead any facts sufficient to support such a claim. Plaintiff's sole basis for alleging sexual harassment and/or discrimination against Defendants is that the subject pharmacist made "crude sexual remarks" to Plaintiff, such as asking Plaintiff about: teaching the pharmacist to play bass guitar; going to a jazz club together; and asking Plaintiff to say hello to the pharmacist. Plaintiff then speculates that these comments were motivated by the pharmacist's "sexual desire to have [oral sex] with plaintiff." Dkt. #9. Such speculation is insufficient to defeat a motion to dismiss. *See Associated Gen. Contractors v. Metropolitan Water Dist. of S. California*, 159 F.3d 1178, 1181 (9th Cir. 1998)(internal citations omitted) (holding that unwarranted inferences are insufficient to defeat a motion to dismiss). Accordingly, all of Plaintiff's Title VII claims and Section 1981 claims are dismissed.

**C. Breach of Fiduciary Duty**

Plaintiff has also listed a claim for breach of fiduciary duty in the caption of his Second Amended Complaint. Dkt. #9 at 1. However, the complaint is devoid of any allegations in support of such a claim. Indeed, Plaintiff does not mention such a claim in the body of his complaint, and he does not allege how he has a fiduciary relationship with any of the Defendants or how they breached that fiduciary duty to him. Accordingly, any claim for breach of fiduciary duty is also dismissed.

**D. Washington Law Against Discrimination**

Finally the Court notes that, rather than directly responding to Defendants' legal argument on their motion to dismiss, Plaintiff asserts he has adequately alleged claims under Washington's Law Against Discrimination ("WLAD"). Dkt. #15. However, Plaintiff does not raise any such claims under the WLAD in his Second Amended Complaint. *See* Dkt. #9. In fact, he does not even mention the WLAD in his Second Amended Complaint. *Id.* However, even if Plaintiff had alleged such claims, he has failed to plead sufficient facts to support them. To establish a *prima facie* case of impermissible discrimination in the public accommodations context, a plaintiff must prove that: (1) he is a member of a protected class; (2) the defendant is a place of public accommodation; (3) the defendant discriminated against the plaintiff, directly or indirectly; and (4) the discrimination occurred because of the plaintiff's protected status. *Floeting v. Group Health Cooperative,* 200 Wn. App. 758, 766, 403 P.3d 559 (2017) (quoting *State v. Arlene's Flowers*, 187 Wn.2d 804, 821-22, 389 P.3d 543 (2017) (vacated on other grounds)). Further, "the asserted discriminatory conduct must be objectively discriminatory." *Id.* at 773-74. In this case, the alleged statements to Plaintiff, even accepted as true, are not objectively discriminatory. No reasonable person could infer sexual harassment from the statements allegedly made to Plaintiff. Accordingly, Plaintiff could not maintain a claim under the WLAD on the facts as they are alleged.

**E. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912

ORDER
PAGE - 5

F.2d 291, 296 (9th Cir. 1990)). The Court declines to grant such leave in this case. The Court concludes that granting leave to amend the dismissed claims would be futile given the legal deficiencies described above, and given that Plaintiff has twice amended his Complaint to date.

### F. Motion for Temporary Restraining Order

Plaintiff has recently filed a Motion for Temporary Restraining Order, which actually appears to be a request for an Order directing Defendants not to destroy any documents and/or recordings related to this matter, and to comply with Plaintiff's discovery requests. Dkt. #18. Because Plaintiff's claims are being dismissed without leave to amend, the motion for temporary restraining order will be denied as moot. Further, the Court presumes that Defendants and their counsel will comply with their ethical and legal duties to preserve evidence while this matter is proceeding, unless or until the Court has reason to presume otherwise.

### IV. CONCLUSION

The Court, having reviewed Defendants' motion to dismiss, Plaintiff's opposition thereto, and the reply in support thereof, along with the remainder of the record, hereby finds and ORDERS:

1. Defendants' Motion to Dismiss (Dkt. #14) is GRANTED. All of Plaintiff's claims are dismissed in their entirety, with prejudice, and without leave to amend.

2. Plaintiff's Motion for Temporary Restraining Order (Dkt. #18) is DENIED AS MOOT.

3. This matter is now CLOSED.

//

//

//

DATED this 24th day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE